THOMAS E. WINNER
Nevada Bar No. 5168
MATTHEW DOUGLAS
Nevada Bar No. 11371
WINNER & BOOZE
1117 South Rancho Drive
Las Vegas, Nevada 89102
Phone (702) 243-7000
Facsimile (702) 243-7059
mdouglas@winnerfirm.com
*Attorneys for Defendant GEICO Advantage Insurance.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ADAM HOWE, Individually,<br><br>　　Plaintiff,<br><br>vs.<br><br>GEICO ADVANTAGE INSURANCE, DOES I through X, ROE CORPORATIONS I through X, inclusive,<br><br>　　Defendant(s) | CASE NO.: 2:22-cv-01171<br><br>**DEFENDANT GEICO ADVANTAGE INSURANCE'S MOTION TO STAY DISCOVERY ON EXTRA-CONTRACTUAL CLAIMS, COUNTS TWO AND THREE OF PLAINTIFF'S AMENDED COMPLAINT** |

COME NOW, Defendant, GEICO ADVANTAGE INSURANCE, by and through its counsel, the law firm of WINNER & BOOZE, for the purpose of presenting the instant Motion to stay discovery on the extra-contractual or, "bad faith", claims (counts II & III of Plaintiffs' Amended Complaint), in order to avoid unfair prejudice against the defendant and save costs until the pending Motion for partial summary judgment in regard to said claims (ECF No. 11) is heard.

/ / /

/ / /

/ / /

This motion is made and based upon the pleadings and papers on file herein, the Memorandum of Points and Authorities attached hereto, exhibits attached hereto, defendant's motion for partial summary judgment and the exhibits attached thereto (ECF No. 11), and any oral argument this Court may entertain at the time of hearing.

DATED this __2nd _ day of November, 2022.

WINNER & BOOZE

*/s/ Matthew J. Douglas*
Matthew J. Douglas, Esq.
Nevada Bar No. 11371
1117 South Rancho Drive
Las Vegas, Nevada 89102
*Attorneys for GEICO Advantage Ins.*

**DECLARATION OF MATTHEW J. DOUGLAS IN SUPPORT OF DEFENDANT'S MOTION TO STAY DISCOVERY IN COMPLIANCE WITH LR 26-6(c) & LR IA 1-3(f)**

I, Matthew J. Douglas, under penalty of perjury, does hereby declare as follows:

1. I am an attorney duly licensed to practice in all courts of the State of Nevada and Nevada Federal District Courts, at the law firm of WINNER & BOOZE, the attorneys of record for Defendant, GEICO ADVANTAGE INSURANCE (hereinafter "GEICO"), herein.

2. I have personal knowledge of the matters set forth below and could competently testify thereto if called to do so, and I attest to the contents of this Declaration in support of Defendant's instant Motion to Stay Discovery.

3. Pursuant to LR 26-6(c) and LR IA 1-3(f), I personally spoke with and, conferred with, Plaintiff's counsel, Justin Wilson, Esq. on November 1, 2022, to discuss the possibility of resolving the issues raised in this Motion to stay discovery without having to seek the intervention of the Court.

4.      Per the discussions, plaintiff was not agreeable to staying discovery in regard to counts II & III of their Amended Complaint, for breach of the covenant of good faith and fair dealing as well as for Breach of the Nevada Unfair Claims Practices Act.

5.      I attest that this motion has not been filed for any improper purpose.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 2, 2022

Signed: ***Matthew J. Douglas***<br>Matthew J. Douglas

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.
### INTRODUCTION & FACTUAL BACKGROUND

Defendant will no re-state all facts as same are more fully set forth in defendant's motion for partial summary judgment and, defendant refers the court to same as if said facts were more fully set forth herein. *See* ECF No. 11. That said, the salient facts for this motion are that Plaintiff was involved in a motor vehicle accident on February 8, 2020 and, after collecting the $25,000 liability insurance limits from the tortfeasor made an Underinsured (UIM) claim with his own insurer, defendant GEICO. After the initial demand was received GEICO asked for additional information (recorded statement) and, then, prior medical records and an Independent Medical Exam ("IME") of plaintiff. Although plaintiff never returned a legible medical records authorization or, prior medical records, GEICO went ahead with the IME which concluded plaintiff's claimed future was unrelated to the loss. Accordingly, GEICO made plaintiff a UIM offer based on the IME, but which an amount far less than the $100,000 UIM policy limit plaintiff had demanded and, the present suit followed. As such, defendant maintains the present action is nothing more than a value dispute – based on a medical expert opinion – which creates a genuine dispute that precludes 'bad faith.' Accordingly, defendant has brought a motion for partial summary judgment on said 'bad faith' claims.' *See* ECF No. 11.

Following the motion for partial summary judgment being filed, defendant asked plaintiff if he would stay discovery on his extra-contractual or, 'bad faith' claims. After a meet and confer the parties were still unable to agree and, thus, the present motion is brought. The breadth of the discovery plaintiffs seek makes the potential costs and prejudice too great for defendant considering the position of this case and, thus, asks this court to rule on this motion.

Quite simply, defendant can meet the 2-prong test for a stay – *i.e.* that there is a dispositive motion pending which would completely potentially dispose of Counts II & III of the Amended Complaint and, second, no further discovery is needed for the court to address the motion for partial judgment on those claims.

Therefore, allowing *any* discovery by plaintiff into GEICO's claims handling/training materials and/or other discovery regarding alleged "bad faith", would only serve to increase the expense of these proceedings <u>without any chance of plaintiff prevailing on these claims</u>. Further, unfettered discovery into unrelated claims is too broad and costly for the issues involved herein. As such, discovery on the "extra-contractual" claims – for breach of the implied covenant of good faith and fair dealing and Breach of the Nevada Unfair Claims Practices Act, should be stayed.

## II.
## ARGUMENT

Defendant moves to stay discovery on extra-contractual claims *(i.e.* "bad faith"), Counts II & III, pending a ruling on the motion for partial summary judgment on those claims. Defendant asserts that the pending partial summary judgment motion is potentially dispositive on those claims, no further discovery is required for the court to rule, and no prejudice results to Plaintiff while substantial prejudice would accrue to GEICO.

The Ninth Circuit has affirmed that district courts have "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). While the Ninth Circuit

has not provided a clear standard for evaluating a motion to stay discovery pending resolution of a potentially dispositive motion, it has affirmed that district courts may grant such a motion for good cause. *Id.* (affirming district court's decision to stay discovery pending resolution of motion for summary judgment); See *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming district court's grant of protective order staying discovery pending resolution of motion to dismiss). *Federal Rule of Civil Procedure 26* states "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding discovery. *Fed. R. Civ. P. 26(c)(1)*. Indeed, the U.S. Supreme Court has endorsed that discovery may be stayed pending resolution of a dispositive motion. See *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1954 (2009) ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery…"); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 564, n. 8 (2007) (Referring to an "understanding that, before proceeding to discovery, a complaint must allege facts suggestive of illegal conduct").

"[T]he Federal Rules of Civil Procedure does not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Mlejnecky v. Olympus Imaging Am. Inc.*, 2011 WL 489743, at 6 (E.D. Cal. 2011). District courts do not favor blanket stays of discovery because "delaying or prolonging discovery can create unnecessary litigation expenses and case management problems." *Salazar v. Honest Tea, Inc.*, 2015 WL 6537813, at 1 (E.D. Cal. 2015) (citing *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988)). When considering a motion to stay discovery a district court "inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Simpson*, 121 F.R.D. at 263.

District courts in the Ninth Circuit may apply a two-pronged test to evaluate whether a stay discovery of discovery may issue. *Mlejnecky*, 2011 WL 489743, at 6; *Seven Springs Ltd.*

*P'ship v. Fox Capital Mgmt. Corp.*, 2007 WL 1146607, at 1 (E.D. Cal. 2007), *Tradebay LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011). The first prong of the test requires that the pending motion "be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed." *Id.* For the second prong, the court can "determine whether the pending, potentially dispositive motion can be decided absent additional discovery." *Id.* If either prong is not met, discovery should proceed. *Id.*

Defendant asserts the motion for partial summary judgment would be potentially dispositive of both Counts ii & III and that the decision on the motion to dismiss can be made absent further discovery. Defendant incorporates by reference its entire Motion for partial summary judgment, ECF No. 11, as if it were more fully set forth herein.[1] First, as this court can plainly see, defendant's motion is clearly dispositive on the extra-contractual claims as, if it is granted, would completely dispose of counts II & II under F.R.C.P. 56. Accordingly, defendant satisfies prong one of the test for a stay of discovery – the motion is clearly dispositive on the merits for counts II & III.

Defendant also clearly satisfies prong two of the test – that no further discovery is needed to decide the motion and, thus, the motion is ready for ruling without the need of additional discovery. Indeed, defendant's motion is based on a **legal issue** – namely whether GEICO's reliance on a medical expert report to dispute plaintiff's valuation of his claim is sufficient to create a 'genuine dispute', precluding 'bad faith.'

In this way, the motion for partial summary judgment is set for ruling on a discrete legal issue, which is potentially dispositive of both counts II & III, and for which no further discovery is needed. In the case of *Sekera v Allstate Ins. Co.*, 763 Fed. Appx. 629 (9th Cir. 2019), the Ninth

---

[1] The Court may take a look at the merits of the underlying motions to dismiss in considering whether a limited stay is warranted. *Tradebay LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011)

Circuit held that an insurer's reliance on the findings of an Independent Medical Exam is evidence of a 'genuine dispute', precluding bad faith. See also *Fraley v Allstate Ins. Co.*, 97 Cal. Rptr. 2d 386 (Ca. App. 4th 2000) (reliance upon experts for repair estimates considered a genuine dispute).

Defendant asserts its chances for success are good given the above-cited case law. In short, as a genuine dispute exists, plaintiff cannot maintain either counts II or III of his complaint either and, as **this issue is dispositive** and, **requires no further discovery**, defendant asks this court to stay discovery on alleged extra-contractual claims.

Conducting discovery would be unfairly prejudicial to GEICO where plaintiffs' clearly seek expensive, confidential, and intrusive discovery into claims handling and, issues wholly unrelated to the plaintiffs' deficient claims. This type of discovery is not only costly, but also clearly unrelated, prejudicial, and unnecessary when it is founded upon deficient claims. Thus, the court should weigh this clear prejudice and costs to defendant along with any claim of efficiency in deciding to stay. As such, it is respectfully requested that this Court stay all discovery or, alternatively stay all discovery on the extra-contractual claims.

/ / /

/ / /

/ / /

### III.

### CONCLUSION

WHEREFORE, defendant GEICO ADVANTAGE INSURANCE respectfully requests that this Honorable Court GRANT defendant's Motion to Stay the discovery on counts two and three of plaintiffs' complaint, for breach of the implied convenant of good faith and fair dealing, and breach of the Nevada Unfair Claims Practices Act pending the outcome of the dispositive motion regarding same claims, ECF No. 11.

DATED this  2nd  day of November, 2022.

WINNER & BOOZE

*/S/ Matthew J. Douglas*
Matthew J. Douglas
Nevada Bar No. 11371
1117 South Rancho Drive
Las Vegas, Nevada 89102
***Attorneys for Defendant GEICO***

### ORDER

IT IS ORDERED that ECF No. 13 Defendant's Motion to Stay Discovery is GRANTED as unopposed. *See* LR 7-2(d).

IT IS FURTHER ORDERED that the hearing scheduled for 12/9/2022 is VACATED.

**IT IS SO ORDERED**
**DATED:** 12:01 pm, November 21, 2022

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**